[No. 32650. Department One. April 6, 1954.]

PRESTON MILL COMPANY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant,* MOLLIE RISEN, *Appellant.*[1]

[1]Reported in 268 P. (2d) 1017.

*Donald M. Niles* and *Ivan C. Rutledge,* for appellant.

*John B. Speer,* for respondent.

OLSON, J.—The widow of a deceased workman has appealed from a judgment reversing an order of the board of industrial insurance appeals and disallowing her claim for a pension. The judgment was entered upon a jury's verdict that the board was not correct in reversing the order of the supervisor of industrial insurance. Motions for judgment notwithstanding the verdict and for a new trial were denied.

■ The employer's motion to dismiss the appeal because of the failure of claimant to serve and file an appeal bond has been denied by a previous ruling of a Department of this court. That ruling was expressed in an order entered in the cause January 15, 1954. It was based upon the proposition that industrial insurance appeals are special proceedings, governed by a special statute which provides that no appeal bond shall be required of the claimant (RCW 51.52-.110, Laws of 1951, chapter 225, § 14, p. 690), and that Rule on Appeal 22, 34A Wn. (2d) 25, as amended, effective January 2, 1951, having an effective date previous to the 1951 amendment of the workmen's compensation act, was not intended to and does not govern in these cases. We adhere to the ruling of the Department.

This claim arises out of an alleged industrial injury suffered by claimant's deceased husband. He stopped working eight days before his death, and during this interval he was resting at home. His widow asserts that the injury resulted from exertion used by decedent to operate a brake pedal on a lift truck for his employer, causing a ruptured varicose vein which, in turn, caused a blood clot to form in his right leg, and that, eight or more days later, this clot became free in his circulatory system, found its way to his heart, and plugged a pulmonary artery, causing his death.

An autopsy, performed three days after his death, disclosed that decedent had moderately large varicose veins in both legs. The autopsy physician concluded that the immediate cause of death was a blood clot which originated in decedent's right leg and passed through his circulatory system to his heart, where it blocked the pulmonary artery. His opinion was that the clot was caused by a recent bruise or contusion (one suffered within "a week, perhaps a little more") apparent on the right ankle, with a resultant seepage of blood and clotting. A physician called by claimant based his testimony on the autopsy findings, and concluded that it was "probably a little more likely that the vein would rupture on the basis of some trauma than it would rupture of its own accord into the subcutaneous space." A physician

called by the department stated that he did not know whether the clot was caused by a rupture of the varicose veins alone or by injury to those veins, and that such a rupture may occur with or without exertion or trauma. He testified that, after a clot has existed for three or four days, it does not detach from the wall of the leg vein, although it would be possible for it to do so. Lay witnesses stated that decedent walked with a limp, and described the swollen and discolored appearance of his leg, particularly during the last week of his life. There was no direct evidence of any trauma or injury suffered by decedent.

It is claimant's contention that the employer did not satisfy the burden of proof which is upon it in an appeal from a decision of the board of industrial insurance appeals. She contends that there must be a preponderance of the evidence to overcome this presumably correct decision, and that, because there is sufficient evidence in this case to sustain the board's decision, it should not be reversed.

We need not pass upon the sufficiency of the evidence to sustain her claim against a demurrer. The trial court expressed doubt about it, but that is not our question, and we may assume that she successfully met this requirement.

■ Her counsel recognized the nature of the controlling question by the statement that the evidence is not such that it requires that her claim be granted. In other words, she recognizes that the success of her claim rests upon circumstantial evidence to establish the causal connection between the alleged injury and her husband's death. (See *Berndt v. Department of Labor & Industries, ante* p. 138, 265 P. (2d) 1037 (1954), for discussion of causal connection in cases in which a coronary thrombosis is suffered by a workman.) This presented a question of fact for the jury. Another question of fact for the jury arose upon the issue of whether or not there was any evidence of a traumatic injury or "happening" suffered by the decedent in the course of his employment, as that term is defined in *Merritt v. Department of Labor & Industries,* 41 Wn. (2d) 633, 639, 251 P. (2d) 158 (1952), and cases there cited and discussed. The

law pertaining to these issues and the burden of proof was stated in the instructions of the trial court, about which there is no controversy.

By statute, the decision of controverted issues of fact in industrial insurance appeals is lodged in the jury. RCW 51.52.115. The verdict of the jury has the same effect as in actions at law. *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 652, 105 P. (2d) 37 (1940); *Cabe v. Department of Labor & Industries,* 35 Wn. (2d) 695, 698, 215 P. (2d) 400 (1950). A jury question is presented when the evidence before the board is such that the minds of reasonable men may have a difference of opinion upon it, and such a case must be submitted to the jury. *Kuhnle v. Department of Labor & Industries,* 12 Wn. (2d) 191, 193, 120 P. (2d) 1003 (1942); *Holden v. Department of Labor & Industries,* 42 Wn. (2d) 910, 911, 259 P. (2d) 642 (1953). The presumption that the board's findings are correct, is for the consideration of the jury, under proper instructions. *Calkins v. Department of Labor & Industries,* 10 Wn. (2d) 565, 569, 117 P. (2d) 640 (1941), and cases cited. When the verdict is attacked, our inquiry is not, where is the preponderance of the evidence, but is whether or not there is substantial evidence to support the verdict. If so, it must stand. *Ibid.; Ehman v. Department of Labor & Industries,* 33 Wn. (2d) 584, 595, 596, 206 P. (2d) 787 (1949), and cases cited.

The burden of proving that a decision of the board is erroneous may be sustained by a demonstration that there is not sufficient evidence to support it. *Kaiser Aluminum & Chemical Corp. v. Department of Labor & Industries,* 43 Wn. (2d) 584, 587, 262 P. (2d) 536 (1953), and case cited. An insufficiency of the evidence may arise from a lack of the persuasive force or the inconclusive nature of the evidence. Even uncontradicted testimony may not be binding upon a jury, where the circumstances reasonably can be thought to be inconsistent with it. *Biladeau v. Pomerenke,* 33 Wn. (2d) 145, 150, 204 P. (2d) 518 (1949). See *State v. Foley,* 174 Wash. 575, 581, 25 P. (2d) 565 (1933).

 After weighing the evidence under proper instructions, the jury decided the controverted issues of fact adversely to claimant, either upon the lack of force of her evidence, or because of the strength of the opposing evidence. Its verdict is not without substantial evidentiary support and cannot be set aside, despite the contrary opinion of the board of industrial insurance appeals upon the same evidence. The presumption accorded to the findings of the board loses its force and effect when the jury decides the questions of fact properly submitted to it. *Ehman v. Department of Labor & Industries, supra,* p. 596, and cases cited. Admitting, as claimant does, that the evidence presents questions of fact properly submitted to the jury, she is bound by the verdict.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

[1]Reported in 268 P. (2d) 1020.