[No. 33423.   Department One.   October 6, 1955.]

NILS P. NYLANDER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Roy E. Jackson* and *Thor P. Ulvestad,* for appellant.

*The Attorney General* and *Haydn H. Hilling, Assistant,* for respondent.

PER CURIAM.—This is an aggravation case arising under the workmen's compensation act.  Respondent moves to dismiss the appeal for failure to serve and file a proposed statement of facts.

Nils P. Nylander appealed to the superior court from an adverse decision of the board of industrial insurance appeals.  The jury rendered a verdict for Nylander, but the trial court granted judgment n. o. v. for the department of labor and industries.  Nylander appealed to this court.  He has not served and filed with the clerk of the superior court a proposed statement of facts.  The time within which a proposed statement of facts may be served and filed has now expired.  See Rule 34 (1), Rules on Appeal, 34A Wn. (2d) 36.

[1]Reported in 288 P. (2d) 470.

Appellant has filed in this court a certified copy of the official record of the proceedings before the board of industrial insurance appeals. This is the record which the board filed with the superior court in compliance with RCW 51-.52.110 [*cf*. Rem. Supp. 1949, § 7697, part]. Such record includes, among other things, all of the testimony and exhibits received in the board proceedings.

The questions which appellant presents on this appeal have to do with the sufficiency of the evidence; the effect to be given to the department's request that certain interrogatories be submitted; the department's failure to except to an instruction; and the weight to be attached to a letter which had been introduced as an exhibit in the board proceedings.

At the superior court trial, either party, with the acquiescence of the other, may omit reading all or any part of the board record, or elect not to reoffer one or more exhibits. Rulings on objections to testimony and exhibits in proceedings before the board are acquiesced in unless challenged in the superior court. It follows that we cannot tell, without a statement of facts, how much of the record was read to the jury, how much was stricken or held inadmissible, and hence how little of it was still available to the claimant.

■ Therefore, where the trial court has dismissed the action, or granted judgment n. o. v., we cannot review the sufficiency of the evidence without a statement of facts. *Guffey v. Department of Labor & Industries*, 38 Wn. (2d) 236, 229 P. (2d) 321.

The rule is different where the department or employer appeals on the ground that the entire record does not sustain the verdict. *Collins v. Department of Labor & Industries*, 42 Wn. (2d) 903, 259 P. (2d) 643. Also to be distinguished are cases such as *Boeing Aircraft Co. v. Department of Labor & Industries*, 22 Wn. (2d) 423, 156 P. (2d) 640, where the only question before us was one of law.

Nor can we, without a statement of facts, review any question pertaining to requests for interrogatories, exceptions to instructions, or the effect to be given to exhibits.

Without a statement of facts, we do not know what requests were made in the trial court, what exceptions were taken, or what exhibits went to the jury.

Since no questions are presented on this appeal which can be decided without a statement of facts, the appeal is hereby dismissed.