[No. 260-41505-3.    Division Three.    February 22, 1971.]

LILLIAN O. SUTHERLAND, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*David E. Williams* (of *Critchlow, Williams, Ryals & Schuster*), for appellant.

*Slade Gorton, Attorney General,* and *Gomer Cannon, Assistant,* for respondent.

GREEN, J.—Lillian O. Sutherland, surviving widow of William M. Sutherland, applied to the Department of Labor & Industries for a widow's pension. The application was denied by the supervisor and the Board of Industrial Appeals. Thereafter, claimant sought review in superior court where, following jury trial, the board's decision was reversed. However, on motion of the department, the trial court entered a judgment n.o.v. dismissing claimant's action with prejudice. Claimant appeals.

Two questions are presented: (1) Can unusual emotional exertion, stress or strain constitute an injury as defined in RCW 51.08.100?; and (2) If so, was the trial court correct in holding as a matter of law the evidence in this case did not support a finding of injury?

Injury is defined in RCW 51.08.100 as follows:

"Injury" means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom.

Applying this statute to an incident where unusual physical exertion produced a coronary occlusion, the court in *Woods v. Department of Labor & Indus.*, 62 Wn.2d 389, 393, 382 P.2d 1014 (1963) said:

Since *Windust v. Department of Labor & Industries*, 52 Wn. (2d) 33, 323 P. (2d) 241, it is certain that ". . . a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, . . ." (RCW 51.08.100) does not cover the normal, routine act of an employee. But the *Windust* case did not disturb the rule that

". . . a workman with a pre-existing heart condition may suffer, as the prompt or immediate result of an unusual exertion, a death or disability which constitutes an injury and thus entitles him, or his dependents, to compensation. . . ." *Favor v. Department of Labor & Industries*, 53 Wn. (2d) 698, 705, 336 P. (2d) 382.

In *Warner v. Department of Labor & Indus.*, 68 Wn.2d 607, 609, 414 P.2d 628 (1966), the court said of the term "injury":

The rule is well settled in heart cases that unless the

attack is precipitated by some unusually strenuous exertion on the part of the workman (and hence "a sudden and tangible happening of a traumatic nature") there is no "injury."

■ The instant case is unique because it raises, for the first time in this state, the question of whether unusual *emotional*, as contrasted to *physical*, exertion, stress or strain can constitute "a sudden and tangible happening of a traumatic nature" within the meaning of the statute. Other states have awarded compensation for injuries resulting from unusual emotional stress and exertion. 1A Larson's Workmen's Compensation Law § 42.21. However, the citation of cases from other jurisdictions is of little assistance here because we are concerned with the unique definition of "injury" found in the Washington statute, *Spino v. Department of Labor & Indus.*, 1 Wn. App. 730, 733, 463 P.2d 256 (1969), which differs from other states. 1A Larson's Workmen's Compensation Law § 37.10. A reading of RCW 51.08.100 clearly reveals that unusual emotional exertion, stress or strain is not expressly excluded; neither is a "sudden tangible happening" limited to a "physical" happening. Stated another way, the statute requires only that the cause of the injury be a "sudden and tangible happening, of a traumatic nature, producing a prompt result, and occurring from without . . ."; this cause is not limited by the statute to a physical cause. In the absence of such limitation, we hold that unusual emotional stress or strain may be a "sudden and tangible happening of a traumatic nature" within the meaning of the statute.

The next question is whether the trial court committed error in granting the department's motion for judgment n.o.v. holding as a matter of law there was insufficient evidence to support a finding of injury within the meaning of the statute. The record viewed most favorably to claimant, *Johnson v. Department of Labor & Indus.*, 46 Wn.2d 463, 281 P.2d 994 (1955), shows that Mr. Sutherland had been employed for 11 years by Local 77, International Brotherhood of Electrical Workers, in Seattle, as a career

business representative. In this capacity he represented about six public utility district units, as well as radio and television units in eastern Washington. His duties included the negotiation of labor contracts with management, being the leader of the union's negotiating committee; the processing of employee grievances; and attendance at unit meetings.

Preceding March 17, 1966, Sutherland engaged in lengthy collective bargaining negotiations with the management of the Cowlitz County PUD in Longview, extending over a period of 4 months and involving about 20 meetings. These negotiations were important because this contract was the first of a series to be negotiated with other PUD's and therefore was of precedential value. The negotiating committee headed by Sutherland finally obtained a contract proposal they could recommend to the membership of the Cowlitz unit. A meeting was set for March 17, 1966, at 8 p.m. in Longview. The evidence is clear that within the memory of the witnesses[1] the local membership always adopted the contract recommended by the negotiating committee. At the instant meeting, the local membership broke with tradition by vocally and emphatically rejecting the recommended agreement. Not only did they reject the proposed agreement, but the membership insisted on reviewing each paragraph and proceeded to "tear up" the agreement in numerous particulars. Sutherland, as well as other members of the negotiating committee, unsuccessfully attempted to defend each provision and tried to persuade the group to accept it. While no personal criticisms were directed at Sutherland or members of the committee, the group was very critical of the proposed agreement. The meeting extended over a period of 3 hours, adjourning at 11 p.m.

Testimony showed Sutherland was easy-going and covered his feelings well, being a fairly level person in the course of his work. Some testimony indicated that Sutherland's reactions at the meeting were out of character—un-

---

[1] The memory of some witnesses spanned a period of 13 years.

usual for him. When the group tore the agreement apart it shook up the entire negotiating group, including Sutherland. Sutherland was described as being disappointed, upset and disgusted. When the group attacked a provision of the contract which he thought should be acceptable, there was a change in facial expression showing his concern. Some witnesses said the meeting was "riled up." However, other witnesses described the meeting as orderly. The record shows it was unique and not a normal part of a business representative's function to fight with the membership over a negotiated and recommended contract settlement.

Following the meeting, Sutherland proceeded to the parking lot. A short time later other members came into the parking lot and heard the motor in Sutherland's car racing and saw him stiffened in the front seat. Attempts to revive Sutherland were without success. An autopsy disclosed he died of a myocardial infarction; medical findings were that he suffered from a preexisting and progressive coronary disease. While there is some conflict in the testimony of the doctors, there is evidence the unusual tension created by the lengthy meeting was the immediate cause of his death.

The jury found Sutherland's heart attack the result of an industrial injury. The trial judge, however, set aside the verdict and granted the department's motion for judgment n.o.v. The trial court's position in ruling on such a motion is described in *Johnson v. Department of Labor & Indus., supra,* at 466:

Such motion admits the truth of the evidence of the party against whom the motion is made and all inferences that reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. In ruling upon a motion for judgment n.o.v. no element of discretion is involved, and the trial court can grant such motion *only* when it can be held as a matter of law that there is no evidence nor reasonable inference from the evidence to sustain the verdict. *Halder v. Department of Labor & Industries,* 44 Wn. (2d) 537, 268

P. (2d) 1020, and *Kemalyan v. Henderson*, 45 Wn. (2d) 693, 277 P. (2d) 372, and cases cited therein.

(Italics ours.) When testimony presents questions on which reasonable men may differ, the matter is for the jury to decide. *Preston Mill Co. v. Department of Labor & Indus.*, 44 Wn.2d 532, 268 P.2d 1017 (1954). In *Woods v. Department of Labor & Indus.*, 62 Wn.2d 389, 382 P.2d 1014 (1963), the claimant was employed primarily as a donkey engine operator but also trimmed and peeled or barked cedar logs. On the day in question he undertook to peel a log that was "twice as hard" and "it seemed like the toughest tree I ever peeled." He suffered a heart attack. The trial court granted a motion to dismiss at the close of the claimant's case on the ground of insufficient proof of injury. On appeal the Supreme Court reversed and remanded the case for trial, stating at page 396:

> The testimony seems to offer room for a reasonable difference of opinion, and we, therefore, conclude that appellant made out a prima facie case of causal relationship between his unusual exertion and his injury, and the case should have been permitted to go to the jury.

Contrary to the holding of the trial court,[2] we believe the testimony presented an issue of fact for resolution by the jury as to whether Sutherland's death was the prompt result of unusual emotional exertion occurring in the meeting that preceded his death; or, whether his death resulted from a normal, routine act of an employee. The trial court was initially correct in submitting these issues to the jury and should not have set aside their verdict by entering a judgment n.o.v.

---

[2]In *Haerling v. Department of Labor & Indus.*, 49 Wn.2d 403, 301 P.2d 1078 (1956), relied upon by the trial court, the jury sustained the Board of Industrial Appeals denial of a claim. The Supreme Court affirmed. This case is distinguishable from the case at bar. Likewise, *Favor v. Department of Labor & Indus.*, 53 Wn.2d 698, 336 P.2d 382 (1959) is distinguishable because it involved interpretation of RCW 51.08.140 relating to occupational disease and there was no unusual exertion connected with the claimed emotional stress and strain.

■ The department contends that because claimant failed to timely file the statement of facts herein, the sufficiency of the evidence cannot be reviewed and the appeal should be dismissed, citing CAROA 34 and *Nylander v. Department of Labor & Indus.*, 47 Wn.2d 543, 288 P.2d 470 (1955). Immediately after the department's brief was filed and prior to argument, the statement of facts was filed. During argument the department's counsel admitted the department was not prejudiced by the late filing. In view of this circumstance, the motion to dismiss is denied.

Judgment is reversed, with instructions to enter judgment upon the jury verdict.

MUNSON, C.J., and EVANS, J., concur.