[No. 15147-6-III.   Division Three.   May 1, 1997.]
ESTEVAN GARCIA, *Appellant*, v. THE DEPARTMENT OF LABOR & INDUSTRIES, *Respondent*.

*Jeffrey Schwab* and *Calbom & Schwab,* for appellant.

*Christine O. Gregoire, Attorney General,* and *M. Catherine Walsh, Assistant,* for respondent.

SWEENEY, C.J. — In March 1984, Estevan Garcia injured his back while working in an orchard in Wenatchee, Washington. The Department of Labor and Industries paid for treatment and time loss. In 1992, the Department scheduled Mr. Garcia to begin vocational rehabilitation. But the services were terminated because Mr. Garcia had returned to Mexico and was not available for rehabilitation. At the request of Mr. Garcia's attorney, the Department again scheduled vocational rehabilitation to begin in the fall of 1993. But in October 1993, Mr. Garcia again left the United States and returned to Mexico. Mr. Garcia and the Department have stipulated that he would testify that he is in Mexico caring for his niece and nephew because his sister and brother-in-law were killed in an automobile accident. He intends to remain in Mexico and never return to the United States. In November 1993, the Department suspended Mr. Garcia's benefits because he failed to cooperate with rehabilitation. He unsuccessfully appealed that ruling to the superior court and now appeals to this court.

## DISCUSSION

*Good Cause.* Mr. Garcia makes a number of assignments

of error. But his primary contention is that the trial court erroneously concluded that he did not have good cause for refusing to participate in the Department's vocational rehabilitation program.

The operative rule is set out in RCW 51.32.110(2):

> [I]f any injured worker shall . . . refuse or obstruct evaluation or examination for the purpose of vocational rehabilitation or does not cooperate in reasonable efforts at such rehabilitation, the department . . . may . . . reduce, suspend, or deny any compensation for such period: PROVIDED, That the department . . . shall not suspend any further action on any claim of a worker or reduce, suspend, or deny any compensation if a worker has *good cause* for refusing to submit to . . . any examination, evaluation, treatment or practice requested by the department or required under this section.

(Emphasis added.) The purpose of this legislative scheme is set out in RCW 51.32.095(1): "One of the primary purposes of this title is to enable the injured worker to become employable at gainful employment."

■ ■ The question of whether Mr. Garcia had good cause to refuse cooperation with the Department's request for rehabilitation is a mixed question of fact and law. *See Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 283, 525 P.2d 774, 804 P.2d 1 (1974). We first decide whether the trial court's findings are supported by substantial evidence. *Oien v. Department of Labor & Indus.*, 74 Wn. App. 566, 568, 874 P.2d 876 (1994), *review denied*, 125 Wn.2d 1021 (1995). The material findings are unchallenged. They are that

> 7. Estevan Garcia's intention since May, 1994 is to remain in Mexico and not ever return to the United States.

> 8. The reason Estevan Garcia does not intend to ever return to the United States is because he feels he is responsible for taking care of his sister's children, and because he is frustrated by the length of time required to administer his claim since the first closure of his claim in 1986.

We then decide whether those findings support the trial court's legal conclusion that Mr. Garcia's reasons do not constitute good cause.[1] *Grier v. Department of Employment Sec.*, 43 Wn. App. 92, 95, 715 P.2d 534, *review denied*, 106 Wn.2d 1003 (1986).

■ The trial court's conclusion that Mr. Garcia failed to show good cause is supported by its findings of fact. There is no finding that Mr. Garcia is obligated to care for his sister's children. The finding is that he feels he is responsible, not that he cannot return to the United States because of his responsibility. Neither this finding nor his frustration with the Department's delays supports the legal conclusion of good cause.

*Beneficiary.* Mr. Garcia next argues that even though he is a nonresident alien he is entitled to 50 percent of the compensation. *See* RCW 51.32.140. His argument depends on an assumption that he has good cause for not cooperating and is thus entitled to benefits. He does not. We need not then reach the issue of whether he is a beneficiary for purposes of the statute.

*Right to Travel.* Mr. Garcia finally contends that suspending his industrial insurance benefits infringes on his constitutional right to travel. The Department responds that once an illegal alien physically leaves the United States, he is not entitled to equal protection of laws. *Plyler v. Doe*, 457 U.S. 202, 215, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982). However, we need not decide that issue since there is a rational basis for the statute.

■ If a statute does not involve either a suspect classification or a fundamental right, the standard of review is rational basis. *Campos v. Department of Labor & Indus.*, 75 Wn. App. 379, 385, 880 P.2d 543 (1994), *review denied*, 126 Wn.2d 1004 (1995). The statute here does not punish those who travel. It focuses rather on those who do not co-

---

[1]We treat the court's finding of fact that "good cause" did not exist as a conclusion of law. *See Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986) ("A conclusion of law erroneously described as a finding of fact is reviewed as a conclusion of law.").

operate with vocational rehabilitation. Under the rational basis test, a statute does not violate equal protection if (1) it applies equally to all members within a designated class, (2) reasonable grounds exist to distinguish between those within and those without the class, and (3) the classification is rationally related to a legislative purpose. *Harris v. Department of Labor & Indus.*, 120 Wn.2d 461, 477, 843 P.2d 1056 (1993).

This statute meets all three criteria. First, it applies to all workers. Any worker receiving industrial insurance benefits who refuses to cooperate with a vocational rehabilitation program without good cause faces suspension of the benefits. Second, there is certainly a reasonable ground to distinguish between those who do not cooperate and those who do cooperate. Finally, requiring injured workers to have good cause is reasonably related to the legislative purpose of insuring that only workers entitled to benefits receive those benefits.

The judgment of the trial court is affirmed.

KURTZ and BROWN, JJ., concur.

Review denied at 133 Wn.2d 1011 (1997).