[No. 39626-9-I.   Division One.   November 9, 1998.]

RAQUEL ANDERSEN, *Appellant*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent*.

*Timothy K. Ford* and *Melton L. Crawford* of *MacDonald,
Hoague & Bayless*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Maureen A.
Mannix, Assistant*, for respondent.

BAKER, J. — As part of the Department of Labor and Industries' (Department) authority and duty to administer the claims of injured workers, the Department may require workers to attend special medical examinations. It is the duty of workers to submit to such examinations. If a worker fails or refuses to appear as directed, the Department may suspend the worker's benefits, unless the worker has good cause for not appearing. We reject Raquel Andersen's attempts to force the Department to first establish the reasonableness of its decision to schedule an examination. Under RCW 51.32.110(2), the burden of justifying the refusal to appear is on the worker. We hold that Andersen's refusal to attend constituted a threshold challenge to the Department's authority to require a medical examination. As such, the trial court did not err by deciding the good cause issue as a matter of law, and we uphold the trial court order affirming the Department's suspension of Andersen's benefits.

I

Raquel Andersen suffered an industrial injury. She applied for and received benefits from the Department. During the administration of her claim, she attended several independent medical examinations performed by panels of physicians. Her treating psychiatrist disagreed with the psychiatrist member of one of these panels regarding whether Andersen suffered from any psychiatric disability resulting from the industrial injury. Upon the suggestion of the treating psychiatrist that another independent examination might be useful to help resolve the conflicting medical opinions, the Department scheduled another independent examination.

Andersen was notified to attend a new examination. The notice included a warning of a possible suspension of her benefits if she failed to attend, and a copy of the relevant statute. In response, Andersen signed an affidavit asserting her "right" not to attend, and her attorney wrote a letter to the Department stating that Andersen would not attend

the examination. The sole reason given for her refusal was an assertion that the Department did not have good cause to require her to attend. The Department again wrote to Andersen, requesting her reason for refusing to attend. Andersen did not respond.

When Andersen failed to attend the examination, the Department suspended her benefits. She appealed the suspension to the Board of Industrial Insurance Appeals (Board). An Industrial Appeals Judge reversed the suspension order. When the Department petitioned for review, the Board affirmed the order suspending benefits.

Andersen appealed to the superior court. Although the matter was set for a jury trial, upon motion of the Department the court ruled that Andersen had failed to present any evidence of personal circumstances regarding her refusal to attend, and that her refusal on the basis of a lack of authority to compel attendance failed to rise to the level of good cause. The dispositive issue was a purely legal question, that is, whether Andersen had presented any evidence from which a trier of fact could determine that she had good cause for refusing to be further examined as directed by the Department. Answering that question in the negative, the court affirmed the Board's decision.

## II

Under RCW 51.32.110(1), any worker entitled to receive benefits under the Industrial Insurance Act "shall, if requested by the department or self-insurer, submit himself or herself for medical examination, at a time and from time to time, at a place reasonably convenient for the worker." If the worker refuses to submit to medical examination,

the department . . . with notice to the worker may suspend any further action on any claim of such worker so long as such refusal, obstruction, noncooperation, or practice continues and reduce, suspend, or deny any compensation for such period: PROVIDED, That the department . . . shall not suspend any further action on any claim of a worker or reduce, suspend, or

deny any compensation if a worker has good cause for refusing to submit to or to obstruct any examination, evaluation, treatment or practice requested by the department or required under this section.[1]

The decision of controverted issues of fact in industrial insurance appeals is, by statute, lodged in the jury.[2] Andersen argues that the trial court erred by dismissing her case as a matter of law because the determination of good cause under RCW 51.32.110(2) is a mixed question of law and fact that is properly decided by a jury. Although we agree with Andersen that whether or not she had good cause to refuse to attend the scheduled medical examination is usually a mixed question of law and fact,[3] we reject her argument that she raised a question of fact entitling her to a jury determination of the good cause issue.

When Andersen refused to attend the examination, her sole stated reason was a direct challenge to the authority of the Department to schedule the examination. Even on appeal to the Board, Andersen's argument was that the Department does not have the "unfettered, unmitigated authority" to require a worker to attend an independent medical examination. She sought a ruling that before the Department can suspend benefits for failure to attend a medical examination, which she characterized as a "redundant" examination, there must first be a judicial determination that the Department's decision to schedule the examination was a reasonable decision.

Andersen misapprehends our workers' compensation law. It is the authority and duty of the Department to administer

---

[1]RCW 51.32.110(2).

[2]*Preston Mill Co. v. Department of Labor & Indus.*, 44 Wn.2d 532, 536, 268 P.2d 1017 (1954) (citing RCW 51.52.115).

[3]*See Garcia v. Department of Labor & Indus.*, 86 Wn. App. 748, 751, 939 P.2d 704, *review denied*, 133 Wn.2d 1011 (1997); *see also Leschi Improvement Council v. Highway Comm'n*, 84 Wn.2d 271, 283, 525 P.2d 774, 804 P.2d 1 (1974). The trial court erroneously ruled that the determination of good cause under the statute is an issue of law. Because this ruling is supported under the particular facts of this case, however, we affirm the trial court's determination of the issue as a matter of law.

injured workers' claims. As part of that authority, the Department "may require that the worker present himself or herself for a special medical examination by a physician or physicians selected by the department, and the department . . . may require that the worker present himself or herself for a personal interview."[4] It is the duty of the worker/claimant to submit to such examination.[5] If a worker fails or refuses to appear as directed, the Department may suspend the worker's benefits, unless the worker has good cause for not appearing.[6]

██ Under this statutory scheme, the burden of justifying a refusal to appear for a scheduled medical examination is on the worker. Here, Andersen attempts to reverse that burden, and force the Department to first establish the reasonableness of its decision to schedule an examination. That argument finds no support in the statutes or our cases. Nor can we perceive any logic in interpreting the statutes so as to adopt Andersen's argument. It would be a practical impossibility to require the Department to justify its administrative decision to schedule examinations, or to seek Board or judicial approval in the thousands of cases it administers whenever a worker chose to second guess that administrative decision. Nor is it appropriate for the courts to intervene in the orderly administration of claims by the Department.

It is, of course, possible for a worker to establish good cause for declining to appear. As the Board commented in an earlier case, such cause might relate to physical capability, circumstances of employment, or family responsibilities, among other factors.[7] The problem in this case, however, is that Andersen did not attempt to raise any relevant consideration in her naked challenge to the authority of the Department.

---

[4]RCW 51.32.055(4).

[5]*See* RCW 51.32.110.

[6]RCW 51.32.110(2).

[7]*See In re Bob C. Edwards*, BIIA No. 90 6072 at 3-4 (June 4, 1992).

Andersen essentially contends that the examination amounted to harassment. In light of her doctor's written suggestion that the examination go forward, this contention is unsustainable. Andersen also contends that the doctor's suggestion resulted from his frustration with the Department's procedures, and her doctor so testified at the Board hearing. But the record contains no suggestion that the doctor felt the repeat examination medically intrusive, or otherwise harmful, or even harassment toward his patient.

Our review is limited to the record before the Board.[8] The record does not support Andersen's argument that her refusal to attend the scheduled examination was based on a diminished expectation of a fair and independent medical evaluation.[9] Andersen cannot rely on a good cause argument that was not presented to the Department when it suspended her benefits. Andersen did not present any evidence of personal circumstances regarding her refusal to attend the medical evaluation, and did not raise a factual question regarding the good cause issue.

We hold that Andersen's refusal to attend constituted a threshold challenge to the Department's authority to require such examinations. Because this is true, the trial court did not err by deciding the good cause issue as a matter of law.

Affirmed.

COLEMAN and ELLINGTON, JJ., concur.

---

[8] RCW 51.52.115.

[9] *See Bob Edwards*, BIIA No. 90 6072 at 4.