This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.
**CORRECTION PAGE: Line 13, changed  "Linda Yen" to  "Lisa M. Bozone", FyCcG.**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,017**

**JASMINE PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Lisa M. Bozone, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals from her jury conviction for DWI in metropolitan court. We issued a calendar notice proposing to affirm and Defendant issued a timely memorandum in opposition.  Remaining unpersuaded, we affirm.

First, Defendant asserts the metropolitan court judge improperly admitted a breath card indicating a .08/.08 breath score. We disagree and affirm the district court.

Officer Carroll observed a grey jeep fail to come to a full stop at a stop sign at 12:10 a.m. [DS 1] The officer turned on his emergency lights and the driver turned right from the middle lane. [Id.] As the officer approached the jeep, he noticed that the individual in the driver's seat, Defendant, had bloodshot, watery eyes. [Id.] The officer also observed the jeep contained three passengers and had an odor of alcohol. [Id.; MIO 1]

After Defendant produced her license, registration and proof of insurance, the officer asked Defendant to exit the vehicle. [DS 2] Defendant lost her balance while exiting the vehicle. [Id.; MIO 2] The officer then administered field sobriety tests. [Id.] Defendant appears to have performed poorly on the tests, stepping out of line and missing on the heel-to-toe on the walk-and-turn test, and dropping her foot on the one-leg-stand test. [DS 2-3; MIO 2] During a counting test from 56 to 43, Defendant slurred her words and counted past 43. [DS 3; MIO 2]

After the field sobriety tests, Defendant was placed under arrest and taken to the police station for a breath test, which registered at .08/.08. [DS 3, 7] Defendant was found guilty of DWI under both the per se standard and the impaired-to-the-slightest

2

degree standard after a bench trial in metropolitan court, where the metropolitan court judge admitted the results of the breath test over Defendant's objection. [MIO 3-6] Defendant appealed to the district court, which affirmed and issued a memorandum opinion. [RP 65, 70]

We review an evidentiary ruling of the metropolitan court for abuse of discretion. *State v. Soto*, 2007-NMCA-077, ¶ 10, 142 N.M. 32, 162 P.3d 187. "A trial court abuses its discretion when a ruling is clearly against the logic and effect of the facts and circumstances[.]" *Id.* (internal quotation marks and citation omitted). When there is no evidence that necessary foundational requirements are met, an abuse of discretion occurs. *State v. Gardner,* 1998-NMCA-160, ¶ 5, 126 N.M. 125, 967 P.2d 465.

Defendant argues that the measurement ratio in a breath test is a foundational requirement. [DS 8] We agree with this assessment, but disagree that the trial court improperly admitted the breath test. While we acknowledge some concern over the officer's confusion during his testimony, our Supreme Court has held that an officer's lack of knowledge of the underlying processes of the breath testing machine is not fatal to admissibility of the breath card in a bench trial. *See, e.g.*, *State v. Martinez*, 2007-NMSC-025, ¶ 22, 141 N.M. 713, 160 P.3d 894 (stating that, "[w]hether the officer understands the underlying process that led to the document's content does not

matter for foundational purposes—what matters is simply the content of the document").

While Defendant correctly notes that *Martinez* concerns whether an officer has first-hand knowledge of the certification process rather than whether an officer has first-hand knowledge of the breath-test ratio, we disagree with Defendant's contention that *Martinez* is inapplicable to the current case. [MIO 8] As we stated in *Onsurez*, the ratio, like the certification in *Martinez,* is a foundational requirement. *State v. Onsurez*, 2002-NMCA-082, ¶ 17, 132 N.M. 485, 51 P.3d 528.

Therefore, the rules for proving foundational requirements set out in *Martinez* apply. When the trial court is considering whether the State has laid a proper foundation for the admission of a breath test by a preponderance of the evidence, "the trial court is not bound by the rules of evidence, except those concerning privileges. Thus, the trial court may consider hearsay." 2007-NMSC-025, ¶ 21. We therefore need not address Defendant's arguments that the district court permitted the State to improperly lead its witness and improperly permitted the State to refresh the officer's recollection with the breath test. We hold that even if we accepted these arguments, it was still within the discretion of the trial court to admit the breath test because the trial court was not bound by the usual rules of evidence when "considering whether a foundational requirement has been met." *Id.* We therefore affirm the district court.

4

Defendant also contends insufficient evidence supports the jury verdict. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. The appellate court must then make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Even though contrary evidence or alternative explanations for the evidence might exist, the fact finder is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

Defendant's conviction for DWI requires that Defendant operated a motor vehicle and that, at the time, Defendant was under the influence of intoxicating

liquor—that is, as a result of drinking liquor, Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public. *See* NMSA 1978, § 66-8-102(A) (2008). Alternatively, Defendant's conviction for DWI requires that Defendant operated a motor vehicle and that, at the time, had an alcohol concentration of .08 grams or more in two hundred ten liters of breath within three hours of driving the vehicle. *See* § 66-8-102(C)(1). Applying the standards described above, we must therefore determine whether the evidence, viewed in the light most favorable to the State, was sufficient to establish Defendant drove a motor vehicle while under the influence of alcohol.

We hold that the facts recited earlier in this opinion support Defendant's conviction for DWI under either standard. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's guilt); *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated)*; State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction

based on behavior evidence when the defendant smelled of alcohol, had bloodshot eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *City of Portales v. Shiplett*, 67 N.M. 308, 309, 355 P.2d 126, 126 (1960) (upholding a conviction for DWI based on the officer's testimony that the defendant smelled of alcohol, staggered when walking, and had difficulty using a telephone and talking); *and see generally State v. Dutchover*, 85 N.M. 72, 73, 509 P.2d 264, 265 (Ct. App. 1973) (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).

Accordingly, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

7