IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DULA KICIN, | ) | No. 81849-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PEACEHEALTH, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — A jury determined that the Board of Industrial Insurance Appeals erroneously denied Dula Kicin's worker compensation benefits for a work-related injury. Self-insured employer PeaceHealth Southwest Medical Center appeals the verdict, arguing that substantial evidence does not support the jury's finding that Kicin sustained an industrial injury. We affirm.

FACTS

From 2006 to 2016, Kicin worked as a housekeeper for PeaceHealth. On December 29, 2015, Kicin was cleaning hospital rooms after patients were discharged. A high demand for rooms required Kicin to "work quickly" so the hospital could move in new patients already admitted. While mopping hurriedly under a bed, Kicin twisted her body and immediately felt pain. She described it as "a sharp pain in my neck and my shoulder and down my arm a strong pain.

And my fingers were tingling and numb." Kicin said she "felt a sharp pain as if something was broken or cracked. It was very — a very sharp pain."

Kicin did not immediately report the injury. Instead, she took some pain medication and a short break before returning to complete the last two hours of her shift. At the end of her workday, Kicin was in too much discomfort to drive home and asked coworker Semira Zolota to drive her. Zolota urged Kicin to report the injury but Kicin was too scared she would lose her job.

Kicin had a history of medical treatment for pain in her left arm, shoulder, and leg. She at times experienced pain in those areas for at least two years before the incident at PeaceHealth. Kicin managed the pain mostly with medication and physical therapy. She "cope[d]" with the pain until the December 29, 2015 incident, after which she "couldn't take it any more." A few weeks before the work injury, a December 11, 2015 X-ray revealed a "basically normal" left shoulder and degenerative disc disease in her cervical spine. A follow-up MRI[1] on January 26, 2016 showed "a significant issue or problem" with a herniated disc that was "moderately to severely deforming [Kicin's] spinal cord." Kicin stopped working on February 12, 2016.

On February 15, 2016, neurosurgeon Dr. Hoang Le examined Kicin and ordered "urgent" neck fusion surgery based on the MRI results. Dr. Le believed Kicin faced spinal cord damage without immediate surgery. Kicin did not tell Dr. Le about the incident at PeaceHealth. Kicin had neck surgery on February 19, 2016.[2]

---

[1] Magnetic resonance imaging.

[2] Dr. Le performed a second surgery on December 14, 2016.

Zolota visited Kicin at her home while she recovered from surgery and again urged Kicin to report the injury to the Department of Labor and Industries (Department). Kicin agreed and Zolota drove her to the claims office on March 7, 2016, where she completed an application for benefits. Because Kicin is not a native English speaker, Zolota used a translation feature on her phone to help explain the work injury on the "Self Insurer Accident Report" form.

The Department denied Kicin's claim because her "condition pre-existed the alleged injury and is not related thereto." Kicin appealed the Department's denial of benefits. The Department affirmed the order rejecting Kicin's claim. Kicin then appealed the Department's decision to the Board of Industrial Insurance Appeals (Board). Following an evidentiary hearing, an industrial appeals judge (IAJ) issued a "Proposed Decision and Order" affirming the Department's order denying Kicin's claim. Kicin petitioned for review of the IAJ's decision and the Board accepted review.

The Board considered the evidentiary hearing testimony of Kicin and Zolota as well as deposition testimony from three medical experts. Dr. Thomas Gritzka, a trained orthopedic surgeon practicing as an occupational orthopedist, testified on behalf of Kicin. He described his medical examination of Kicin and concluded that the December 29, 2015 work injury aggravated or worsened Kicin's preexisting degenerative disc disease. He reasoned that Kicin experienced an "abrupt change in her symptoms" after the PeaceHealth incident "with increasing neck pain and more upper extremity pain."

PeaceHealth's experts testified that Kicin's preexisting condition was not worsened by the December 2015 incident. Dr. R. David Bauer, an orthopedic surgeon subspecializing in spine surgery, testified that there was "no discreet injury" because

> the activities that [Kicin] described are things that are capable of — I'm sorry, are things like we would do in ordinary life. They're not things that are specific to her job. They are things that would make her condition feel worse, but would not worsen the condition. What I mean by that is the activities that she was doing at work are not likely to worsen the arthritis or worsen the compression on her spinal cord, but as we're more active, she was going to feel them more. She would do those same activities at home and be feeling the pain the same way.

Similarly, orthopedic surgeon Dr. Aleksandar Curcin testified that "the mechanism of injury that's being described is inconsistent with causing degenerative disc disease or causing a disc herniation." Both Dr. Bauer and Dr. Curcin testified that Kicin would have suffered the same injury regardless of the PeaceHealth incident in December 2015.

The Board found that Kicin did not sustain an industrial injury. The Board issued an order denying Kicin's petition for review and affirming the Department's Proposed Decision and Order as "the final order of the Board." Kicin appealed to the superior court and the case proceeded to a jury trial. The jury determined the Board erred in concluding that Kicin had not sustained an industrial injury that aggravated her preexisting neck condition. The superior court entered judgment in favor of Kicin and ordered the Department to accept her claim for benefits. The court awarded Kicin attorney fees, costs, expert witness fees, and statutory interest on "back time loss benefits." PeaceHealth appeals.

4

ANALYSIS

Substantial Evidence

PeaceHealth argues that insufficient evidence supports the jury's finding that Kicin sustained an industrial injury by work activities on December 29, 2015. We disagree.

The trial court's review of a Board decision is de novo, based solely on the evidence and testimony presented to the Board. Stelter v. Dep't of Labor & Indus., 147 Wn.2d 702, 707, 57 P.3d 248 (2002). The Board's decision "is prima facie correct . . . , and a party attacking the decision must support its challenge by a preponderance of the evidence." RCW 51.52.115; Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Either party is entitled to a trial by jury to resolve factual disputes. RCW 51.52.115. And " '[t]he trier of the fact, be it court or jury, is at liberty to disregard [the] board findings and decision if, notwithstanding the presence of substantial evidence, it is of the opinion that other substantial evidence is more persuasive.' " City of Bellevue v. Raum, 171 Wn. App. 124, 139, 286 P.3d 695 (2012) (quoting Gaines v. Dep't of Labor & Indus., 1 Wn. App. 547, 550, 463 P.2d 269 (1969)).

On appeal, we review "the judgment of the superior court as in other civil cases," not the Board's order. RCW 51.52.140. Our review " 'is limited to examination of the [superior court] record to see whether substantial evidence supports' " the jury's verdict. Ruse, 138 Wn.2d at 5-6 (quoting Young v. Dep't of Labor & Indus., 81 Wn. App. 123, 128, 913 P.2d 402 (1996)). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the

truth of the matter asserted. Ferencak v. Dep't of Labor & Indus., 142 Wn. App. 713, 719-20, 175 P.3d 1109 (2008), aff'd on other grounds by Kustura v. Dep't of Labor & Indus., 169 Wn.2d 81, 233 P3d 853 (2010). We consider the record in the light most favorable to the party who prevailed in superior court. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180, 210 P.3d 355 (2009) (citing Harrison Mem'l Hosp. v. Gagnon, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002)). " 'We are not to reweigh or rebalance the competing testimony and inferences, or to apply anew the burden of persuasion, for doing that would abridge the right to trial by jury.' " Rogers, 151 Wn. App. at 180-81 (quoting Harrison Mem'l Hosp., 110 Wn. App. at 485) (citing RCW 51.52.115).

The Industrial Insurance Act, Title 51 RCW, provides that workers who experience an industrial injury are entitled to benefits. RCW 51.32.010. RCW 51.08.100 defines "injury" as "a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom." Benefits are not limited to those workers previously in perfect health. Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 471, 745 P.2d 1295 (1987). "The worker is to be taken as he or she is, with all his or her preexisting frailties and bodily infirmities." Dennis, 109 Wn.2d at 471 (citing Wendt v. Dep't of Labor & Indus., 18 Wn. App. 674, 682-83, 571 P.2d 229 (1977)). A worker is entitled to compensation under the IIA for a disability resulting from work-related aggravation of a preexisting condition. Simpson Timber Co. v. Wentworth, 96 Wn. App. 731, 739, 981 P.2d 878 (1999). But an injury "due to the relatively slow and insidious inroads of a progressive

and apparently incurable disease" does not satisfy the requirement of RCW 51.08.100. Petersen v. Dep't of Labor & Indus., 40 Wn.2d 635, 638, 245 P.2d 1161 (1952) (citing Higgins v. Dep't of Labor & Indus., 27 Wn.2d 816, 180 P.2d 559 (1947)). Proof that an event occurred at work is a question of fact and does not need to be supported by a medical opinion. Louderback v. Dep't of Labor & Indus., 14 Wn. App. 931, 935, 547 P.2d 889 (1976). But proof that the event more likely than not caused the injury or aggravated a preexisting condition requires medical evidence. Louderback, 14 Wn. App. at 935-36.

PeaceHealth argues substantial evidence does not support the jury's verdict because "convincing medical evidence in this record establishes that an industrial injury did not occur on or about December 29, 2015." According to PeaceHealth, the testimony it offered "could readily convince a fair-minded, rational individual that Ms. Kicin would experience the same progression of symptoms and need for treatment" even if the workplace incident in 2015 had not occurred. PeaceHealth misconstrues our standard of review. As discussed, we do not reweigh or rebalance competing testimony and inferences. Rogers, 151 Wn. App. at 180-81. "When testimony presents questions on which reasonable [people] may differ, the matter is for the jury to decide." Sutherland v. Dep't of Labor & Indus., 4 Wn. App. 333, 338, 481 P.2d 453 (1971) (citing Preston Mill Co. v. Dep't of Labor & Indus., 44 Wn.2d 532, 268 P.2d 1017 (1954)). We look only to see whether substantial evidence supports the jury verdict. See Ruse, 138 Wn.2d at 5-6; City of Bellevue, 171 Wn. App. at 139.

Here, Kicin testified that on December 29, 2015, she was mopping "very quickly" under a hospital bed because she had to "immediately prepare the room" for a waiting patient. She said that she twisted and immediately felt a sharp pain in her neck, shoulder, and arm as well as a tingling sensation in her hands. She explained that before December 29, 2015, she had worsening but manageable pain, mainly on her left side. Her December 11, 2015 X-ray confirmed that she had a "normal" left shoulder and signs of degenerative disc disease, but no herniated discs or gross spinal abnormalities. Only after the incident at PeaceHealth did Kicin report unrelenting pain in her neck and shoulder with tingling and numbness in her arms and hands on "both" sides. The January 2016 MRI revealed a substantially herniated disc deforming her spinal cord, requiring "urgent" surgery.

Dr. Gritzka examined Kicin and reviewed her medical records. He testified that more likely than not, Kicin's December 29, 2015 work injury aggravated a preexisting degenerative disc disease. Dr. Gritzka explained that Kicin's "preexistent conditions [could] be converted to a symptomatic condition by external forces sometimes or by motion, in her case, heavy mopping." And he concluded:

> So based on what she said, I think the working activities on December 29, 2015, were the cause of her symptoms.
> . . . .
> . . . I mean, it's likely that before this event she had a developing or evolving disc problem at the level where the herniation was finally discovered. So the work activities, as she described it, probably caused a sudden worsening or enlargement, if you will, of an evolving disc herniation.

Viewing the evidence in the light most favorable to Kicin, " 'there was evidence which, if believed, would support the verdict rendered.' " City of Bellevue, 171 Wn. App. at 155 (quoting Retail Clerks Health & Welfare Tr. Funds v. Shopland Supermarket, Inc., 96 Wn.2d 939, 943, 640 P.2d 1051 (1982)).

Attorney Fees

Kicin seeks an award of attorney fees as the prevailing party. Under RCW 51.52.130(1), a worker is entitled to attorney fees when "a party other than the worker" appeals to the appellate court from the decision and order of the Board and the worker's "right to relief is sustained." Because the jury's finding that Kicin sustained an industrial injury on December 29, 2015 is supported by substantial evidence, we award her reasonable attorney fees subject to compliance with RAP 18.1.

We affirm.

Brennan, J

WE CONCUR:

Andrus, A.C.J.